# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:26-cv-00103-MR

SHELDON SUMMERS, )
)
    Petitioner, )
)
vs. )    **MEMORANDUM OF**
)    **DECISION AND ORDER**
)
STATE OF NORTH CAROLINA, )
)
    Respondent. )
_____ )

**THIS MATTER** is before the Court on initial review of Petitioner's Pro

Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 4] and

Petitioner's Motion for Leave to Proceed in Forma Pauperis [Doc. 5].

## I.    BACKGROUND

On April 13, 2026, Pro Se Petitioner Sheldon Summers ("Petitioner")

filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 in the

United States District Court for the Eastern District of North Carolina.  [Doc.

1].  Petitioner is a pretrial detainee currently held at the Iredell County

Detention Center ("Jail") in Statesville, North Carolina.  [Doc. 4 at 1].  After

he was ordered to correct deficiencies in his original petition, Petitioner filed

the instant petition.  [Docs. 3, 4].  Thereafter, Chief United States District

Judge Richard E. Myers, II, transferred the matter here where venue is

proper.  [Doc. 7].

Petitioner was arrested on August 3, 2022, on two counts of first-degree murder, two counts of robbery with a dangerous weapon, and one count of assault with a deadly weapon with intent to kill or inflict serious injury, all committed on September 25, 1992.  [Doc. 4 at 2; Doc. 4-1 at 3]. He claims that he has been detained since his arrest and denied a speedy trial despite having Stage 4, metastatic prostate cancer and receiving no treatment at the Jail.  [Id. at 6].  Petitioner also complains about the 30 year-delay in his indictment, the conduct of proceedings in his criminal case without his presence, and his failed attempts to be brought to court on his self-filed writs of habeas corpus ad prosequendum.  [Id. at 6-7; see Doc. 4-1 at 1-2].  Petitioner claims to have asserted an appeal to the Jail and to this Court.  [Id. at 2-3].

Petitioner challenges his current detention and seeks dismissal of his state criminal charges.[1]  [Id. at 7].  He claims violation of his rights under the Fifth, Sixth, Seventh, and Eighth Amendments to the U.S. Constitution, as well as gross negligence and "wanton conduct."  [Id. at 2].

---

[1] According to the publicly available docket in Petitioner's state criminal proceedings, his cases, 22CR000743-480, 22CR000744-480, 22CR000745-480, 22CR000746-480, and 22CR000747-480, are set for a disposition hearing on May 18, 2026. [See portal-nc.tylertech.cloud/Portal/Home/Dashboard/29 (last visited 5/6/2026)].

## II. IN FORMA PAUPERIS MOTION

Petitioner's affidavit shows that he has received no income during the past twelve months. [Doc. 5 at 1]. Petitioner reports having no cash, no money in any bank account, no other assets, and that no one relies on him for support. [Id. at 2]. The Court is satisfied that Petitioner is without sufficient funds to pay the filing fee in this matter. The Court, therefore, will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court

judgment.  Relief under § 2254, therefore is not available.  <u>See</u> <u>Dickerson v.</u> <u>Louisiana</u>, 816 F.2d 220 (5th Cir. 1987).  A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies.  <u>See</u> 28 U.S.C. § 2241(c)(3); <u>Thomas v. Crosby</u>, 371 F.3d 782, 786 (11th Cir. 2004).  Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition.  <u>See e.g.</u>, <u>Braden</u> <u>v. 30th Jud. Cir.</u>, 410 U.S. 484, 490-91 (1973); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442-43 (3d Cir. 1975).  To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim."  <u>Picard v. Connor</u>, 404 U.S. 270, 275-77 (1971); <u>see</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, Petitioner makes no proper claim of having engaged one complete round of North Carolina's established appellate review process.  As such, Petitioner failed to exhaust his state remedies before filing this action.

4

Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, will dismiss Petitioner's petition without prejudice.

## V. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 4] is **DENIED** and **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed in Forma Pauperis [Doc. 5] is **GRANTED** in accordance with the terms of this Order.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 6, 2026

Martin Reidinger
Chief United States District Judge