# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:26-cv-00103-MR

SHELDON SUMMERS, )
)
    Petitioner, )
)
vs. )    **MEMORANDUM OF**
)    **DECISION AND ORDER**
)
STATE OF NORTH CAROLINA, )
)
    Respondent. )
_____ )

**THIS MATTER** is before the Court on Plaintiff's letter[1] [Doc. 11], which the Court construes as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

On April 13, 2026, Pro Se Petitioner Sheldon Summers ("Petitioner") filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. [Doc. 1]. After Petitioner corrected certain deficiencies in his petition, Chief United States District Judge Richard E. Myers, II, transferred the matter here where venue is proper. [Doc. 7]. Petitioner was arrested on August 3, 2022, on two counts of first-degree murder, two counts of robbery with a dangerous

_____

[1] Plaintiff has also since filed a duplicate copy of this letter [Doc. 13], which the Court will strike as improper.

weapon, and one count of assault with a deadly weapon with intent to kill or inflict serious injury, all committed on September 25, 1992. [Doc. 4 at 2; Doc. 4-1 at 3]. He is currently detained in the Iredell County Jail in Statesville, North Carolina. [Id. at 1]. Among other things, Petitioner claimed that he has been detained since his arrest and denied a speedy trial despite having Stage 4, metastatic prostate cancer and receiving no treatment at the Jail. [Id. at 6]. Petitioner alleged having asserted an appeal to the Jail and to this Court. [Id. at 2-3]. The Court denied and dismissed Petitioner's § 2241 petition because Petitioner made no proper claim of having engaged one complete round of North Carolina's established appellate review process and, therefore, ostensibly failed to exhaust his state remedies before filing this action. [Doc. 9 at 4-5].

Now pending is Plaintiff's letter, which the Court construes as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). [Doc. 11]. Petitioner contends that he has "tryed" to exhaust all his state remedies "without any remedy or respond from the administrative body." [Id. at 1 (errors uncorrected)]. Petitioner states that he "even put five or six writs and like ten speedy trial motion[s]" and wrote the Senior Resident Judge "without any responce." [Id. (errors uncorrected)]. Petitioner asks the Court to "look into" his writ of habeas corpus and have it sent to the Clerk of Court in

2

Iredell County. [Id. at 2]. Petitioner also asks the Court to investigate his unconstitutional bond and describes various alleged facts and circumstances he claims undermine his guilt.[2] [Id. at 2-4].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting

---

[2] In another letter Petitioner recently filed in this matter, he again asserts his innocence of the pending state charges and asks this Court to have the venue of those proceedings changed. [Doc. 12]. This Court has no authority to change the venue of Plaintiff's state criminal proceedings. Plaintiff is admonished against filing any further such letters with this Court. This matter has been and remains dismissed. Plaintiff is admonished that any future improper filings in this matter may be summarily stricken from the docket.

3

11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his petition, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, Petitioner merely sets out actions he has taken in his criminal proceedings that do not show his having exhausted one complete round of the state appellate review process and asks the Court to improperly intervene in his state criminal proceedings by submitting materials to a county clerk and investigating his allegedly unconstitutional bond. The Court will, therefore, deny Petitioner's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Docket No. 13 is hereby **STRICKEN** from the docket in this matter.

The Clerk is respectfully instructed to update the docket to reflect

4

Docket No. 11 as a "Letter/MOTION."

   **IT IS SO ORDERED**.

Signed: June 2, 2026

Martin Reidinger
Chief United States District Judge